## S. D. HARLE ET AL. v. A. B. RICHARDS.

### No. 6631.

1. **Homestead—Abandonment.**—From the fact that the residence homestead in a village was leased temporarily and the family moved into the back room of their business homestead, and the property was so occupied at death of the husband, it should not be inferred that the residence homestead had been abandoned.

2. **Business Homestead—Abandonment.**—The widow having ceased to use the business homestead in any business, such cessation will be considered as an abandonment of business homestead rights in said property.

3. **Mortgage of Homestead—Sale.**—A widow and a son after the husband and father's death executed a mortgage upon their interests in the residence and the business homestead of the family. The business homestead was abandoned. *Held*, in suit to foreclose the mortgage that the interests in the residence homestead of the widow and son were subject to sale under foreclosure, subject to the right of the widow and minor children to occupy it. During such occupancy the purchaser could not have partition. 74 Texas, 626. The business homestead being abandoned its exemption ceases.

APPEAL from Fannin. Tried below before Hon. E. D. McClelland. The opinion contains a statement.

*E. L. Agnew*, for appellants.—1. The court having found that the property was once the homestead of Mrs. S. E. Harle and her deceased husband, in order to have reached the conclusion that she had abandoned it the proof should have been undeniably clear and beyond almost the shadow, at least, of all reasonable ground of dispute that there had been a total abandonment with an intention not to return and claim the exemption. Const., art. 16, sec. 51; Shepherd v. Cassiday, 20 Texas, 24; Gouhenant v. Cockrell, 20 Texas, 96; Cox v. Harvey, Posey's U. C., 268; Cline v. Upton, 56 Texas, 319; Archibald v. Jacobs, 69 Texas, 248.

2. If the east half of block 390 at the death of her husband was exempt by reason of its being the residence of the family, and lot No. 29 was exempt by reason of its being the place of business of the head of the family, then Mrs. S. E. Harle, as the surviving widow, would be entitled to make a claim for the exemption just in the status it was at her hus-

band's death.　Const., art. 16, sec. 52; Foreman v. Meroney, 62 Texas, 723; Eubank & Co. v. Landram, 59 Texas, 247.

3.　The court erred in holding that said deed or mortgage is a valid lien on the defendants' interest in the whole of said property except the interest of defendant S. E. Harle in the southwest lot in block No. 390. Newton v. Calhoun, 68 Texas, 451; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1; Axer v. Bassett, 63 Texas, 545.

4.　The court erred in holding that plaintiff is entitled to a decree foreclosing his mortgage lien on the undivided interest of the defendants in and to the east half of block No. 390.

*J. D. Crenshaw*, for appellee. — 1.　The east half of block No. 390 having once been the homestead of Mrs. S. E. Harle and her deceased husband, it was not necessary for the facts to show an abandonment beyond all reasonable doubt.　Stringer v. Swenson, 63 Texas, 7; McDonald v. Campbell, 57 Texas, 614; Shryock & Rowland v. Latimer, 57 Texas, 674; Peregoy v. Kottwitz, 54 Texas, 497; Andrews v. Hagadon, 54 Texas, 571.

2.　The entire interest of appellant S. D. Harle in all of said property is subject to the mortgage lien.　Gen. Laws 1887, p. 76, chap. 96; Harris v. Seinsheimer, 67 Texas, 356; Platt's Prop. Rights of Married Women, pp. 291, 292, and authorities cited.

3.　The entire interest of appellant S. E. Harle in and to all of said property is subject to said mortgage lien, as she was a single woman at the time of the execution of said mortgage.　Astugueville v. Loustaunau, 61 Texas, 233; Jordan v. Imthurn, 51 Texas, 276; Brewer v. Wall, 23 Texas, 587; Baldessore v. Stephanes, 27 Texas, 454; Wright v. Hays, 34 Texas, 253; Tadlock v. Eccles, 20 Texas, 792; Kilgore v. Graves, 2 Ct. App. C. C., sec. 412; Platt's Prop. Rights of Married Women, 290.

ACKER, PRESIDING JUDGE.—A. B. Richards brought this suit against S. D. Harle and S. E. Harle, on the 21st day of July, 1887, on a promissory note for $250, dated the 12th day of May, 1887, and due the 1st day of July, 1887, and to foreclose a mortgage given to secure the payment of the note on the east half and the southwest lot No. 29 of block 390 in the town of Savoy.　The defendants answered that the property against which the mortgage was sought to be foreclosed was the homestead of the defendant S. E. Harle, and that defendant S. D. Harle had no interest in the property.

The trial without a jury resulted in a judgment for the plaintiff for the amount due on the note, and foreclosing the mortgage on the undivided interests of both defendants in the east half of the block and on the undivided interest of defendant S. D. Harle in southwest lot No. 29, but directing that the order of sale to sell S. D. Harle's interest in lot No. 29 should not issue during the lifetime of the defendant S. E. Harle, or until

she shall have abandoned it as a homestead, from which both defendants appealed.

In 1875 E. Harle, the deceased husband of the defendant S. E. Harle, purchased block 390 and built a house on it, which he occupied with his family as a home until the house was destroyed by a cyclone in 1880. During that year E. Harle built a house on the east half of the block, which he and his family occupied as a residence and also carried on the hotel business therein. Soon thereafter he built a store house on southwest lot No. 29 of block 390 and opened a grocery business in that. The buildings were so occupied and used for several years, the residence being used as a hotel under the management of Mrs. S. E. Harle, while her husband conducted the grocery business in the store house, when the family moved from the residence into the back end of the store house and the residence was rented as a hotel. On account of ill health the husband closed his grocery business, and his wife, the defendant S. E. Harle, opened a millinery business in the front end of the store house.

This was the status of the property at the death of the husband E. Harle, in December, 1886, leaving a widow (the defendant S. E. Harle) and three children, the defendant S. D. Harle, who had attained his majority, and two minor children, aged respectively sixteen and thirteen years. Within a few months after the death of E. Harle the widow closed out her millinery business and went to live with her son S. D. Harle, taking her minor children with her, and rented out the store house also. While she was living with her son she executed the note and mortgage sued on, jointly with him. She testified that when she went to live with her son she intended to return and occupy the hotel property as a residence and carry on the millinery business in the store house. S. D. Harle testified that he had heard his mother say she intended to move back and occupy the property, and that she had had her things packed up for sometime before the trial preparatory to moving back to the property, but had not done so because of bad roads. This was the substance of the evidence.

From these facts the court found that the east half of the block on which the residence or hotel property is situated had once been the homestead of S. E. Harle and her deceased husband, but at the time of the execution of the mortgage it had been abandoned as a homestead; that the southwest lot No. 29 is and was at the date of the execution of the mortgage the homestead of the defendant S. E. Harle; that the mortgage is a valid lien on the defendants' interest in the whole property, except the interest of S. E. Harle in southwest lot No. 29.

Appellants contend that the court erred in these findings and the conclusions of law declared by the judgment. At the time E. Harle occupied the residence or hotel property with his family as their home and carried on business in the store house both pieces of property were homestead under the Constitution and laws of this State. We think it would

be unreasonable to he'd that the facts of the removal of the family from the residence to the ba.k end of the store house and the temporary renting of the residence for hotel purposes constituted an abandonment of the residence as a home tead.  We can not conclusively infer from these circumstances alone that a man would voluntarily remove his family from and permanently abandon as a home property suited to residence purposes and make the permanent home of himself and family in the back end of a store house.

The property having acquired the character of homestead property and the protection incident thereto, the burden is on him who seeks to subject it to the liabilities of property not homestead to show that it has been abandoned by those to whom it was protected as a homestead.  It is settled that mere absence for a reasonable time with the intention of returning to it will not divest property of the homestead character and constitute an abandonment; nor will the temporary renting of homestead property have that effect.  We think under the facts of this case that at the death of E. Harle both pieces of property were homestead and on his death descended and vested one-half in the widow and the other half in the children, subject to the right of occupancy by the widow and the minor children.

To entitle the store house to protection as a business homestead separate from a residence the head of the family must have a calling or business to which the property is adapted and reasonably necessary, and such property must be used as a place to carry on the calling or business of the head of the family, and is protected so long only as it is so used.  Pfeiffer v. McNatt & March, 74 Texas, 640.

When the widow closed her millinery business and ceased to use the store house for business purposes and went to live with her son, we think it was thereby abandoned and divested of its homestead character and became liable to forced sale for debts and subject to partition.  From this it follows that the mortgage against the store house was a valid lien which could be foreclosed and enforced against the interests of the defendants.

We are also of opinion that the mortgage constituted a valid lien against the residence homestead, which may be foreclosed and the defendants' interests therein sold, subject to the right of the widow and minor children to occupy it as a home.  Such foreclosure and sale would divest the defendants of the fee to their respective interests, but would not subject the property to partition during its occupancy by either the widow or minor children.  Lacy v. Rollins, 74 Texas, 566; Smith v. Van Hutton, 75 Texas, 626.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 24, 1890.