### Ben. Kiolbassa v. James Raley.

#### No. 390.

1. **Approval of Recorded Judgment by Probate Court.**—In approving a recorded judgment presented as a claim against an estate, and ordering it paid as a third class claim, the legal effect of such action is that if there was any property of the estate to which the lien would attach, then as to such property the order would apply; it would not apply to property (the homestead) to which a lien could not attach.

2. **Homestead of Unmarried Head of Family.**—It is settled that an unmarried surviving spouse can mortgage the homestead, and that the courts can enforce such mortgage.

3. **Statute Construed—Classification of Claims.**—Article 2037, section 3, construed, relating to classification of claims against estates.

4. **Cases Adhered to.**—Lacy v. Rollins, 74 Texas, 566; Smith v. Von Hutton, 75 Texas, 626; and Harle v. Richards, 78 Texas, 80, adhered to.

Appeal from Bexar. Tried below before Hon. W. W. King.

*Wurzbach & Goeth*, for appellant.—1. The Probate Court has original exclusive jurisdiction to classify claims, and all orders made in the exercise of such jurisdiction are as final and conclusive as the judgments, decrees, or orders of any other court. Neill v. Hodge, 5 Texas, 489; Eccles v. Daniels, 16 Texas, 139; Swan v. House, 50 Texas, 653; Porter v. Sweeney, 61 Texas, 214; Sabrinos v. Chamberlain, 76 Texas, 629; Rev. Stats., arts. 2025, 2031, 2200; Roach v. Martin's Lessee, 27 Am. Dec., 755.

2. Every judgment regularly entered must become final at the end of the term. Merle v. Andrews, 4 Texas, 211; Finley v. Carothers, 9 Texas, 517; Brownsville v. Basse, 43 Texas, 448; Freem. on Judg., sec. 96.

3. It is the duty of the probate judge when approving a claim to also classify the same, and to do this he must also ascertain whether or not the claim is secured by lien or otherwise. Rev. Stats., arts. 2025, 2026; Graham v. Vining, 2 Texas, 443; Mortgage Co. v. Jackman, 77 Texas, 625, 626.

4. Secured claims are classed as claims of the third class. Rev. Stats., art. 2037; Buchanan v. Wagnon, 62 Texas, 378; Eastham v. Sallis, 60 Texas, 578.

5. A mortgage is a mere incident of the debt, and when action on the latter is barred by the statute of limitations there is no remedy in the courts to enforce the mortgage. Duty v. Graham, 12 Texas, 427; Fievel v. Zuber, 67 Texas, 279; Goldfrank, Frank & Co. v. Young, 64 Texas, 434; Perkins v. Sterne, 23 Texas, 561.

6. A claim against an estate secured by a mortgage or trust deed can not be enforced by sale after death of the debtor, but only through Probate Court. Jenkins v. Cain, 72 Texas, 91; Robertson v. Paul, 16 Texas, 472; Armstrong v. Moore, 59 Texas. 648; McCormick v. McNeel, 53 Texas, 15; Graham v. Vining, 2 Texas, 441; Graham v. Vining, 1 Texas, 643.

*James Raley*, for appellee.—Appellant argues that after a claim is classified it is then beyond the control of the court. But this court has decided otherwise. 60 Texas, 578. The language used is: " The classification of the respective claims could not have the effect of precluding the Probate Court from making an inquiry as to the right of the one creditor to have priority of payment over the other out of the proceeds of the sale of property, even if they both had liens upon it."

The Kiolbassa claim, if not barred, was properly classed third as to any real estate Martin had, except his homestead; and Raley's claim was fourth class as to everything except the land mortgaged.

The classification is no part of the judgment. The allowance is a final judgment (article 2031), but the classification is provided in article 2037 and it has no such force. A claim may be third class as to some property and fourth class as to others. Art. 2037, subdiv. 3. This shows the wisdom of the rule that at final settlement, after all parties are notified and brought into court, the allowance of claims and their classification can be changed or set aside. It would be monstrous if strangers should be bound by the orders of the Probate Court allowing and classifying claims. And all parties must be strangers except the administrator and the heirs.

KEY, ASSOCIATE JUSTICE.—The statement of facts in the record in this case discloses the nature of the litigation, which statement is as follows:

" The estate of Thomas Martin, who died in May, 1886, unmarried, was administered upon in the Probate Court of Bexar County, Texas,

and J. F. Mullaly was duly appointed as administrator on January 23, 1889.

" The only property of Thomas Martin was his homestead, on which he lived at the time of his death and previous thereto, with his children, one of whom was a minor, but without a wife, who had died long before.

" This homestead was sold in course of administration and a balance of $171.15 shown to be left in the hands of the administrator for distribution to the creditors.

" Two claims were presented against the estate and allowed by the administrator and approved by the court; and as the estate was not sufficient to pay off both these claims, hence arose this contention between the two claimants.

" One of the claims, that presented by James Raley, the appellee, was a promissory note given by Thomas Martin, the deceased, on May 15, 1884, payable six months after date and secured by a deed of trust on the homestead, on which Thomas Martin, deceased, resided at this time with his minor child and other children, but without a wife.

" On February 15, 1889, this claim was presented and allowed by the administrator for the full amount of $303.    This claim was examined and approved as a fourth class claim by the probate judge on March 19, 1889, and ordered to be paid in due course of administration as a fourth class claim.

" The other claim, that presented by Ben. Kiolbassa, appellant, was a judgment recovered by Ben. Kiolbassa in the Justice Court against Thomas Martin on March 13, 1883, on which judgment execution issued on April 17, 1883, and not thereafter; and the judgment not being satisfied, was then duly recorded so as to preserve a valid lien against any property that Thomas Martin might have subject to execution.

" This claim was presented and allowed by the administrator for the full amount of $157.36 on July 8, 1889.    And this claim was further examined and approved by the county judge for the full amount as a just and true claim, and ordered to be paid in due course of administration as a claim of the third class.

" The administrator advertised for final settlement at a subsequent term of the County Court held on Monday, January 19, 1891; and Ben. Kiolbassa, the appellant, holding a third class claim against the estate, made application, asking that the administrator pay over all the sum that may be in his hands, less costs of this court and administration, to satisfy this claim, being a third class claim, and therefore having a preferred right to other claims against this estate.

"And also James Raley, the appellee, presented his fourth class claim, with deed of trust securing it, asking an order of distribution and that his claim might be paid.    At the same time J. F. Mullaly, the adminis-

trator, came in and filed his report for final settlement, asking for its approval and an order of distribution.

"At this hearing the County Court ordered the funds in the hands of the administrator to be paid in satisfaction of James Raley's, the appellee's, claim, to which ruling the creditor Ben. Kiolbassa excepted and gave due notice of appeal."

We adopt the above as conclusions of facts.

The District Court sustained the action of the County Court, and rendered a similar judgment, from which this appeal is prosecuted.

The assignments of error are as follows:

"1. The court erred in holding that the order of the County Court ordering Kiolbassa's claim to be paid in due course of administration as a third class claim was not final and conclusive; but that the claim can be reopened and reclassified at a subsequent term of the court.

"2. The court erred in holding that the claim of James Raley was a secured claim and should be paid out of the proceeds of the sale of the property belonging to the estate; because the facts show that this was the only property belonging to the estate, that the funds in the hands of the administrator were not sufficient to pay both Kiolbassa's and Raley's claims, and that the Kiolbassa claim was the only claim classed as a secured claim, or as a lien on the property of decedent.

"3. The court erred in holding that the claim of James Raley should have priority of payment over the claim of Ben. Kiolbassa; because the facts show that Kiolbassa's claim is a third class claim and Raley's claim is a fourth class claim.

"4. The court erred in holding that the deed of trust given to secure Raley's note was a good and valid mortgage on the property of decedent, Thomas Martin; first, because the facts show that the only property belonging to decedent was his homestead, on which he lived with a minor child at the time the deed of trust was given; second, because the facts show that at the time the claim on the note was allowed by the administrator and approved by the Probate Court the note was barred by the statute of limitations."

So much of our statute classifying claims against estates of decedents as has application to this question reads as follows:

"Article 2037. The claims against an estate shall be classed and have priority of payment as follows:

  *   *   *   *   *   *   *   *

"3. Claims secured by mortgage or other liens, so far as the same can be paid out of the proceeds of the property subject to such mortgage or other lien; and when more than one mortgage or lien shall exist upon the same property the oldest shall be first paid; but no preference shall be given to such claim secured by mortgage or lien further than regards the property subject to such mortgage or other lien."

Under this statute a claim against an estate may be a claim of the third class as to a portion of the property, because secured by a lien thereon, and of the fourth class as to the remainder of the estate. And if it be true, which we do not decide, that an order or judgment of a Probate Court declaring that a claim is secured by a lien on certain property, and is therefore a third class claim against the estate as to said property, is a final judgment and binding upon the owners of other claims against the estate, unless set aside or appealed from, still we do not think that appellant's claim comes within that category.

His claim was a judgment recorded in Bexar County, so as to create and preserve a lien on any real estate Thomas Martin owned in said county subject to forced sale. The Probate Court approved it and ordered it paid in due course of administration as a third class claim, but did not adjudge it to be a lien on Martin's homestead or on any other property.

We think that in ordering it to be paid as a third class claim the County Court never intended to declare this claim to be a lien on Martin's homestead.

It should not be construed to mean more than this: That if there was any of Martin's estate to which appellant's judgment lien would under the law attach, then, as to such property, this claim should have priority.

We conclude that the first assignment of error is not well taken. Eastham v. Sallis & Ralston, 60 Texas, 576; Mortgage Co. v. Jackman, 77 Texas, 622.

The second assignment involves substantially the same question that the first does, and need not be further considered.

The third assignment, alleging that the court erred in according appellee's claim priority over appellant's, because the facts show that appellant's is a third and appellee's a fourth class claim, is not sustained by the facts. To have warranted the court below in classifying his claim as one of the third class as to the fund in controversy, he should have shown that the land the sale of which produced the fund was subject to forced sale, and therefore to his judgment lien at the time said judgment was recorded, or at any rate at the time Martin executed the trust deed to secure appellee's debt.

Appellant failed to make such showing, and this assignment of error is not well taken.

As to the fourth assignment of error, it is settled that an unmarried surviving spouse can mortgage the homestead and that the courts can enforce such mortgage. As to the first of these propositions, see Lacy v. Rollins, 74 Texas, 566; Smith v. Von Hutton, 75 Texas, 626. As to the second proposition, see Harlé v. Richards, 78 Texas, 80.

As to appellant's proposition based on the assumption that the land sold was community property, and that the purchaser acquired only a half-interest therein, it is enough to say that the purchaser paid his money

for Martin's interest in the land, and whether he got title to only one-half, all, or none is wholly immaterial in this case.

Nor is there any merit in the contention that appellee's claim was barred by the statute of limitations when presented for allowance. The statute of limitations was suspended for one year after Martin's death, and the claim was presented just four years and three months after its maturity. Rev. Stats., art. 3218.

None of the assignments of error are well taken, and the judgment of the District Court is affirmed.

*Affirmed.*

Delivered October 19, 1892.