## W. J. Lee v. British and American Mortgage Company.

### Decided March 6, 1901.

**1.—Trust Deed—Foreclosure—Limitation—Election of Remedies.**

The holder of a mortgage with power of sale who by ruling on demurrer has been denied foreclosure on the ground that the debt was barred, is not deprived, by his election to foreclose, of his right to proceed by trustee's sale, since he had but one remedy, and no choice; he may still sell through the trustee and by amendment assert title through such sale.

**2.—Same—Costs.**

On the recovery of judgment by plaintiff in such amended action it was not error to charge defendant with one-half the costs incurred prior to the amendment.

**3.—Homestead—Incumbrance by Surviving Husband—Rights of Minor Children.**

Children having no homestead rights as such in the home of their father after the mother's death, such surviving husband can create a valid incumbrance upon his interest in the homestead, and one acquiring title by sale to satisfy such incumbrance is entitled to partition, as against the children inheriting their mother's interest and the surviving husband asserting homestead rights for them and himself.

**4.—Same—Dispossession—Rents.**

Against one wrongfully dispossessing them of the land, but afterwards acquiring the father's interest by such sale to satisfy an incumbrance, no recovery for rents could be had thereafter except to the extent of the children's half interest inherited from their mother.

Appeal from Brown. Tried below before Hon. J. O. Woodward.

*T. C. Wilkinson,* for appellant.

*G. N. Harrison,* for appellee.

FISHER, CHIEF JUSTICE.—On May 7, 1900, appellee filed its second amended original petition, upon which trial was had. It alleged substantially that on February 11, 1890, appellant executed and delivered to Albert R. Shattuck, trustee, a certain deed of trust upon the tracts of land in controversy in this suit for the purpose of securing the payment of certain indebtedness evidenced by notes due Albert L. Richardson, and which notes on October 14, 1892, became the property of appellee; that default having been made in the payment of said indebtedness, the substitute trustee, on May 2, 1899, sold said land under the power given in said deed of trust, at which sale appellee became the purchaser and received a deed to same from said trustee; that about the 2d day of May, 1899, appellant entered upon said lands and ejected appellee therefrom, and still unlawfully withholds the same from appellee, converting the rents, profits, revenues, etc. Appellee prayed for judgment for the title to and possession of said lands.

Appellant filed his first amended original answer on December 7, 1897, in which, among other things, he claimed homestead rights in the 160-acre tract. On the same day the interveners, Clara Pearl Lee and Emma Cuma Lee, filed their third amended answer, in which they allege, among other things, that they are the children of appellant, W. J. Lee, and as the heirs of their mother, who was dead at the time of the execution of said deed of trust, are the owners in fee simple of one-half of the property in controversy, same being the community property of said W. J. Lee and wife.

Appellee filed its third supplemental petition on May 7, 1900, in which it denied the allegations contained in the pleadings of appellant and interveners, pleaded abandonment of homestead, if any, and alleged among other things, that said 160-acre tract of land was incumbered by a valid lien fixed upon it before it acquired its homestead character, and that the money obtained by virtue of said deed of trust was intended to be used and was used in paying off and discharging said lien, and that therefore appellee was subrogated to the rights of said original lienholder.

On July 7, 1900, the appellant, W. J. Lee, filed his first amended supplemental answer in reply to plaintiff's said second amended original petition, which supplemental answer consisted of a general denial, and the following special plea, viz: "That on the 4th day of November, A. D. 1892, the plaintiff herein, who claimed to be the owner of the land in controversy by conveyance from one Albert L. Richardson, instituted suit in this court against this defendant in the ordinary form of trespass to try title for the recovery of said land; that on the trial of said cause at the December term, 1894, of this court, judgment was rendered against the plaintiff; that plaintiff obtained a new trial at said December term of court, and by his second supplemental petition, filed May 24, 1895, for the first time declared upon the note and deed of trust described in plaintiff's said second amended original petition and asked a judgment upon said note and a foreclosure of the lien contained in

said deed of trust, in the event the court held it had no title to the land in controversy; that at a subsequent term of this court this defendant excepted to the setting up of said cause of action by supplemental petition, which exception was by the court sustained; that thereupon the plaintiff by first amended original petition filed December 6, 1897, by one count of said petition sought the recovery of said land in the form of trespass to try title, and by a second count declared upon said note and deed of trust and prayed that in the event it was refused the recovery of said land that it have judgment on said note and a foreclosure of said deed of trust, etc.; that at the January term, 1899, of this court, this defendant excepted to said second count of plaintiff's said first amended original petition in which it sought a recovery upon said note with a foreclosure of said deed of trust upon the ground that said cause of action was barred by the statute of four years limitation, which exception was by the court sustained, and said cause was continued till the next term of court; that afterwards, to wit, on the 22d day of May, 1899, this plaintiff, claiming to be the owner and holder of said note and deed of trust, acting through one O. R. Sholars, substitute trustee, sold said property at public outcry under the power contained in said deed of trust, and at the sale became the purchaser of said property, and received a deed to same from said O. R. Sholars; that at the time of said sale under said deed of trust, at which the plaintiff herein became the purchaser, as aforesaid, this suit was still pending in this court and undisposed of, the judgment sustaining said exception on account of the bar of the statute of limitations was in full force, and that this plaintiff is now relying solely upon said deed received from O. R. Sholars, trustee as aforesaid, for a recovery of said land, as is shown by its said second amended original petition.

"Wherefore, this defendant says that the plaintiff having elected to sue upon said note and ask a foreclosure of said mortgage or deed of trust, and said issue having been decided against it and said remedy having been exhausted, was thereupon and is now estopped and debarred from relying upon any title or alleged rights derived by a sale of the property in controversy under the power contained in said deed of trust, and of this he prays judgment of the court."

On July 17, 1900, plaintiff filed its fourth supplemental petition, containing a general demurrer to defendant's said first supplemental answer, set out above and a general denial. The court sustained said general demurrer to which action the defendant, W. J. Lee, then and there excepted.

The court in a trial on the merits gave judgment for the plaintiff for the 320-acre tract of land in controversy, and for one-half of the 160-acre tract, the other half thereof being adjudged to the interveners as the community interest of their mother; and also provided that no writ of possession should issue for the one-half of said 160-acre tract so recovered by plaintiff, and that there should be no partition of same so long as the defendant, W. J. Lee, should occupy it as a homestead. The court

also gave judgment for the defendant, W. J. Lee, for the sum of $223, rents and damages, and for the interveners for the sum of $175, rents and damages; and adjudged that they pay one-half of all costs incurred in this cause prior to the 22d day of May, 1899.

The case comes to this court on the findings of fact and conclusions of law of the trial court, which are as follows:

"1. I find that on the date alleged in plaintiff's third amended original petition, upon which this case was tried, the defendant, W. J. Lee, to secure the sum of $800 principal, evidenced by his promissory note and certain coupon notes for installments of interest, all that day executed by him to Albert L. Richardson, for the sum of $800 then loaned to him by said Richardson, executed his deed of trust conveying the two tracts of land described in plaintiff's said petition to Albert R. Shattuck as trustee for said Richardson.

"2. I find that said deed of trust contained power of sale, with right to appoint substitute trustee as alleged by plaintiff, and in short that it contained all the powers, terms, and provisions which plaintiff alleges it to have contained.

"3. I find that at the time he executed said deed of trust and notes said W. J. Lee was a widower with two minor children, the interveners in this case, his wife having died November 9, 1881.

"4. I find that said deed of trust was not executed to secure a community debt of defendant and his deceased wife, but that the debt so secured was contracted by him after his wife's death.

"5. I find that the 160 acres of land was at the time the deed of trust was executed the homestead of W. J. Lee and interveners, although they were not living upon it as such, the interveners then being of tender years and both being girls living with defendant's mother; but that it was the intention of defendant to have them reside with him and to remove them upon said 160 acres as soon as their ages would permit, but that said 160 acres was rented at the time said deed of trust was executed.

"6. I find that plaintiffs were charged with notice of the homestead character of said 160-acre tract and of intervener's title to one-half of same by the recitals contained in the patent issued by the State to said W. J. Lee for the same, which patent showed said tract to be a homestead donation.

"7. But I find that the 320 acres was not any of it used by defendant in connection with his homestead, and that it lay about a mile away from said 160-acre tract, was not improved nor inclosed, that defendant had other lands equally as available for homestead purposes as any part of said 320 acres, and that said Richardson and his trustee took said deed of trust and paid said money without any notice in law or in fact of any homestead claim to any part of said 320-acre tract.

"8. I find that the allegations in plaintiff's said petition as to the *default of defendant in paying said notes*, the refusal of said Shattuck to act, the appointment of O. R. Sholars, substitute trustee, the assign-

ment and conveyance to plaintiff by said Richardson of said notes, and all rights had by him under and by virtue of said deed of trust, the ratification by plaintiff of the appointment of said Sholars as substitute trustee, the sale by said Sholars as such substitute trustee of said two tracts of land under the power contained in said deed of trust, in manner and form as alleged by plaintiff, and the purchase by plaintiff at said sale; and in short all the allegations in plaintiff's said petition relating to the facts aforesaid and the proceedings and sale under said deed of trust are true.

"9.    I find that if any of the community funds of W. J. Lee and the mother of interveners was used in the purchase of said 320-acre tract of land, that neither said Richardson or Shattuck had or were charged with any notice of that fact; that the legal title to said 320 acres vested in defendant by purchase long after his wife's death, the deed by which it was conveyed to him bearing date the 9th day of February, 1884, and that said Richardson and his said trustee took said deed of trust and paid the money loaned thereon in good faith and without any notice that community funds had been expended in its purchase or that interveners had or claimed any right to it. But I find that not more than $55 of community funds were expended in its purchase, and that the whole consideration was $205.

"10.    I find that the legal title to said 160-acre tract of land was in W. J. Lee, and that he acquired the same after the death of his wife, the patent to him bearing date February 11, 1886. But I find that he actually settled upon said land in 1879 and filed upon said tract on the 11th day of February, 1880, during the lifetime of his wife, the mother of interveners, and that they continued to reside upon the same as homestead to the time of her death, and that after her death he continued to reside there until he completed the three years' occupancy and obtained a patent.

"11.    I find that one of the interveners has ceased to be a member of her father's family, but that the other one, who is now above twenty years of age, resides with her father and constitutes a member of his family.

"13.    I find that defendant has never abandoned or intended to abandon said homestead, but that he was forcibly and wrongfully ejected from the same and from said 320-acre tract by plaintiff on the 23d day of March, 1893, and that he has ever since intended to return and occupy it with his family as a homestead.

"14.    I find that after dispossessing defendant as aforesaid plaintiff wrongfully held possession of said land until May 22, 1899.

"15.    I find that the rental value of said 160-acre tract was $50 per year, and that the rental value of said 320-acre tract aggregated $48 for the full time for which it was wrongfully withheld from defendant.

"16.    I find that interveners are entitled to one-half the rents and profits on the 160-acre tract, and that defendant is entitled to the other half, and the $48 allowed for the 320-acre tract."

Conclusions of Law.—"I conclude as a matter of law upon the above

findings that the plaintiff is entitled to judgment against defendant and interveners for the title and possession of the 320-acre tract of land.

"2. That plaintiff is entitled to judgment against defendant and interveners for the title to an undivided half of the 160-acre tract, but that they are not entitled to partition or to be admitted to possession of the same, so long as W. J. Lee shall occupy said 160 acres as a homestead.

"3. That defendant is entitled to judgment against plaintiff for $223 damages for rents and profits, and that interveners are entitled to judgment against plaintiff for $175 damages for rents and profits.

"4. That the deed of trust through which plaintiff deraigns title, in so far as the same affects interveners' interest in said 160-acre tract, should be canceled, and that interveners should have judgment for their undivided half interest in said 160-acre tract."

The appellant's first assignment of error complains of the ruling of the court in sustaining a demurrer interposed by the appellee to appellant's first supplemental answer. The contention is urged that as the plaintiff had previously elected to sue upon the notes and asked for a foreclosure of the mortgage or deed of trust, the judgment of the court as to that action in favor of appellant on his plea of limitation would estop the appellee from foreclosing the deed of trust by sale of the property according to the terms of the instrument by the trustee. In other words, having once elected to recover upon the note and to foreclose the lien, that was an election of the remedy that appellee would pursue and was tantamount to a waiver of all other rights it might have under the deed of trust. The doctrine contended for by the appellant, in our opinion, is not applicable to this case. This is not a case in which the appellee had two remedies, which by the application of either could accomplish the same result, for by the lapse of time and the interposition of the defense of limitation interposed by the appellant to the original action, the remedy in that particular did not, in legal effect, exist. The effect of the judgment sustaining appellant's plea of limitaiton was to declare that as to the remedy then invoked by the plaintiff he had no cause of action; that in view of the bar of the statute the courts would not extend relief to him in the manner in which in that particular suit it was sought; but the effect would not be to deprive him of other rights that he might have to foreclose his deed of trust independent of any action upon the part of the court. Davis v. Converse, 46 S. W. Rep., 910.

We are not inclined to agree with the contention of appellant, insisted upon in his second assignment of error, to the effect that the court erred in so much of the judgment as decreed one-half the costs against the appellant Lee and the interveners.

Appellee has a cross-assignment of error to the effect that the court erred in that part of its judgment wherein it was decreed that the plaintiff was not entitled to partition and to be admitted to possession of the 160-acre tract so long as the defendant Lee should occupy it as a homestead. The

deed of trust under which the lien in this case was foreclosed was exe-
cuted by appellant Lee after the death of his wife and when he was a
single man.    He was at the time occupying the property with his daugh-
ters, the interveners, as his homestead.    The decree of the court pro--
tected the interveners in their one-half interest in the 160 acres in contro--
versy, but denied the right of partition and possession of the appellee,.
so long as the appellant Lee should occupy the premises as a homestead.
As said in Hall v. Fields, 81 Texas, 558, "the children have no home-
stead rights as such in the home of either their father or mother," and
further to the effect that their homestead right, if any, must be asserted
by a guardian, if minors, properly appointed by the court.    The findings
of fact upon this subject do not show that the interveners are entitled
to any homestead interest in the 160 acres.    It is said in Lacy v. Rollins,
74 Texas, 566, and subsequent cases, that the surviving husband can
create a valid incumbrance and lien upon his interest in the homestead.
The appellant having executed the deed of trust for this purpose, a pur-
chaser under it would acquire whatever right or interest the appellant
had in the property at the time the instrument was executed and the
sale by virtue of it.    By virtue of article 16, section 52, of the Constitu-
tion, in a controversy between the heirs and the surviving husband or
wife, the homestead during the lifetime of the latter could not be parti-
tioned; but in Ford v. Sims, 93 Texas, 586, 57 Southwestern Reporter, 20,
that provision of the Constitution and the statutes made in pursuance
of it are held to apply only to controversies between the heirs and the
surviving husband or wife, and has no application when a third party,
a creditor, asserts a right in the homestead property by virtue of a title
acquired from the survivor.    The trial court in support of its judgment
evidently relied upon an expression contained in the opinion in the case
of Harle v. Richards, 78 Texas, 80.    We are not prepared to say that
that case is directly in point upon the question involved here; but if it
could be held that such is its effect, we doubt its correctness.    If the
surviving husband has the power by deed of trust to create a valid lien
on his interest in the homestead, in the absence of some statute to the
contrary, we see no reason why a purchaser under that deed of trust
would not acquire all the rights as against the husband that would exist
in a case where the latter had by deed directly conveyed the property to
the purchaser.    If Lee in this instance had, by deed, conveyed his
interest in the property to appellee, the latter clearly would have been
entitled to possession, and could, in a proper action, have recovered.    A
sale by the trustee under the deed of trust in pursuance of its terms,
should be given the same effect.    Lee, by the terms of that instrument,.
made the trustee his agent and empowered him to sell, and when in the
pursuit of the agency this power was accomplished, the deed and con--
veyance executed would have the same effect in law as if executed by Lee,.
and would carry with it all of the uses and rights of ownership to the
property conveyed, which as one of its incidents includes use and posses-
sion.    Therefore, we think that appellee is correct in its contention upon

this question, and that the court should have decreed a writ of possession in favor of appellee as against the appellant Lee, so far as his interest in the 160 acres is concerned; and that the court should have taken the proper steps as requested and as provided by law to partition this portion of the land in controversy between the appellee and interveners.

In disposing of appellee's second cross-assignment of error, it is only necessary to state that we agree with it in its contention that the interveners were only entitled to the sum of $154.16, and we think that the calculation made by appellee as to this amount is practically correct.

In accordance with the disposition that we have made of the question raised by appellee's first cross-assignment of error, the appellant is not entitled to any damages or rents arising from appellee's possession of the 160-acre tract. The judgment in appellant's favor in the sum of $48 for rent of the 320-acre tract is correct.

The judgment of the court is affirmed, so far as it decrees title in appellee, and is reversed with instructions to render its judgment so as to decree appellee a writ of possession for the interest of appellant in the 160-acre tract and to take such steps towards partitioning the same as is provided by law, and to render judgment on the issues of damages and rents in controversy, in accordance with the opinion of this court.

*Affirmed in part and reversed with instructions in part.*