### DABNEY et al. v. SCHUTZE et al.
### (No. 186–3229.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Liens &⫼3—Owner's contract with paving contractor for improvement of street held to create a lien on abutting land.**

Contract by owner of lot abutting on street, granting paving contractor, "in consideration of said improvements to and upon said premises, and the fact that thereby the value thereof will be enhanced in excess of the cost * * * a mechanic's lien on said premises to secure the payment ·of indebtedness," *held* to give the contractor an enforceable lien on the abutting property of the owner to secure the owner's indebtedness to the contractor for ·paving of the street, notwithstanding that the work was not done on the property itself, and notwithstanding that the lien was miscalled a "mechanic's lien."

**2. Homestead &⫼146—Widow may grant lien on homestead.**

A widow's contract, granting paving contractor lien on homestead to secure her indebtedness to the contractor for pavement of the street, *held* valid, notwithstanding Const. art. 16, § 50, prohibiting partition of a homestead during the lifetime of the surviving wife.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by L. M. Dabney and others, trustees, against Mrs. Annie Schutze and others. Decree for plaintiffs was by Court of Civil Appeals (204 S. W. 342) affirmed in part, and reversed and remanded in part, and the plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and that of District Court affirmed.

Brooks, Hart & Woodward, of Austin, for plaintiffs in error.

Geo. S. Dowell and Robert E. Cofer, both of Austin, for defendants in error.

SONFIELD, P. J. Mrs. Annie Schutze entered into a contract with the Texas Bitulithic Company to pave the street in front of property owned by her in the city of Austin, she to pay for the paving in the manner provided in the contract, and agreeing therein that—

"In consideration of said improvements to and upon said premises and the fact that thereby the value thereof will be enhanced in excess of the cost, the undersigned do hereby expressly grant unto Texas Bitulithic Company and its assigns a mechanic's lien upon said premises to secure the payment of indebtedness herein mentioned."

The paving was done in accordance with the contract. At the date of the execution of the contract, and prior thereto, and at the time of the trial, Mrs. Schutze was a widow, residing on the property as her homestead.

Plaintiffs in error, assignees of the Texas Bitulithic Company, brought this suit against defendants in error to recover the cost of the paving, together with 10 per cent. attorney's fee, and for foreclosure of the lien upon the property. In the district court judgment was rendered against defendant in error Mrs. Schutze for the amount due for the paving, together with attorney's fee and a foreclosure of the lien. On appeal the judgment of the trial court, decreeing a recovery of the contract price and attorney's fee, was affirmed; but in so far as it decreed a foreclosure of any character of lien against the property the judgment was reversed, and as to this judgment rendered in favor of defendant in error Mrs. Schutze. 204 S. W. 342.

The Court of Civil Appeals held that the lien sought to be created by the contract, being called therein, and understood by the parties to be, a mechanic's lien, must be so treated and regarded; that Mrs. Schutze, in acquiring title to her property, did not acquire the fee of the street in front thereof, upon which the paving was done; and since a mechanic's lien cannot be created by contract on land other than that upon which the improvements are made, her property could not

be charged with a mechanic's lien through her contract for such paving.

[1] That the parties called the lien created by the contract a mechanic's lien does not necessitate a holding that no lien of any character arose out of the contract. One can, of course, charge his property with a lien to secure a debt wholly unconnected with the property so charged. The paving contract, evincing an intention to make the property answerable for the specific debt, gave rise to a lien upon the property binding and enforceable, though miscalled a mechanic's lien. This proposition is thus distinctly announced in Houston v. Myers, 88 Tex. 126, 129, 30 S. W. 912, 913, wherein the court says:

"The lien of a mechanic, or materialman, like the vendor's lien, arises out of the transaction, and cannot be created by contract. For instance, if parties were to enter into a contract for the building of a house upon lot A, and to secure the cost of the work and material the person having the building constructed should give a lien upon lot B, calling it a mechanic's lien, the contract would create a lien, but it would not be a mechanic's lien, and, in case of contest with others, might be found to fail in securing some valuable rights that would attach under the law to a mechanic's lien."

[2] The Court of Civil Appeals further held that the lien sought to be created by the contract upon the homestead of Mrs. Schutze, a widow, was in contravention of article 16, § 50, of our Constitution, and therefore void. In Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314—followed in Smith v. Von Hutton, 75 Tex. 625, 13 S. W. 18; Watts v. Miller, 76 Tex. 13, 13 S. W. 16; Hensel v. Bldg. Ass'n, 85 Tex. 215, 20 S. W. 116; Kiolbassa v. Raley, 1 Tex. Civ. App. 165, 23 S. W. 253; Kidwell v. Carson, 3 Tex. Civ. App. 327, 22 S. W. 534; Davis v. Converse, 46 S. W. 910; Lee v. Mortgage Co., 25 Tex. Civ. App. 481, 61 S. W. 134; Echols v. Mercantile Co., 38 Tex. Civ. App. 65, 84 S. W. 1082—all arising subsequent to the adoption of the present Constitution, it is held that a deed in trust, with power of sale on a homestead, executed by the unmarried head of a family, is valid and enforceable. In Harle v. Richards, 78 Tex. 80, 14 S. W. 257, followed in Moore v. Pool (Civ. App.) 25 S. W. 802, and McGee v. Tinner, 61 Tex. Civ. App. 347, 129 S. W. 866, it is held that a mortgage upon a homestead, without power of sale, executed by the unmarried head of a family, is valid and enforceable by foreclosure and sale under judicial process.

That such are the holdings of our Supreme Court and the various Courts of Civil Appeals is recognized by the Court of Civil Appeals in the present case. Mr. Justice Jenkins, delivering the opinion of that court, reviews at length Lacy v. Rollins, supra, and concludes that the doctrine of that case should be limited to deeds in trust and sales under the power given in such deeds, and should not, as was done in Harle v. Richards, supra, and cases following it, be extended to apply to mortgages without power of sale, requiring enforcement through judicial process. This limitation is predicated upon the proposition that sales under deeds in trust, with power of sale, are voluntary, while sales under judicial process are forced sales of the homestead, inhibited by the above-cited constitutional provision.

We have given careful consideration to the review of the authorities and the comment upon and criticism of Harle v. Richards in the opinion of the Court of Civil Appeals, and conclude that the holding in that case, and the cases following it, is fully warranted by the construction of the constitutional provision in question in Lacy v. Rollins, supra, and should be adhered to. The holding is clearly recognized by our Supreme Court in the quite recent case of Spencer v. Schell, 107 Tex. 44, 173 S. W. 867.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the District Court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.