## J. G. STREET v. FLORA ROBERTSON ET AL.

### Decided February 8, 1902.

1.—Notes—Consideration—Parol Evidence.

Where a note does not recite the consideration for which it is given, and a deed of trust securing the note recites as its consideration the merely nominal sum of $10 and the uses, purposes and trusts set forth therein, parol evidence is admissible to show the real consideration of the transaction.

2.—Same—Negotiability Destroyed—Failure of Consideration.

A note is rendered non-negotiable by a stipulation therein that no property of the maker shall be liable for the debt except a certain tract of land mortgaged to secure the note, and a failure of consideration may therefore be pleaded even as against an innocent purchaser of the note before its maturity.

3.—Assignment of Error.

An assignment complaining of the overruling of a general and several special demurrers and embodying several distinct propositions, and which is relied on as itself a proposition, being followed only by a brief statement, is in violation of the rules and will not be considered.

4.—Estoppel—Pleading Necessary—Failure of Consideration.

The court properly refused to charge that defendant was estopped to plead failure of consideration where no estoppel had been pleaded by plaintiff.

Error from Comanche. Tried below before Hon. N. R. Lindsey.

*N. J. Wade,* for plaintiff in error.

*G. H. Goodson,* for defendants in error.

STEPHENS, ASSOCIATE JUSTICE.—March 5, 1895, G. W. L. Robertson executed three promissory notes for $250 each, payable to A. W. Allen or order, and at the same time executed a deed of trust to secure them, naming T. C. Hill trustee. These instruments were in the usual form, but were qualified by the following clause inserted in each of them: "It is understood that the tract of land this day conveyed to T. C. Hill as trustee to secure the payment of this note is the only property of the maker of this note that shall be subject to this debt, and that no other property he now or may own hereafter shall be subject in any way or be held for the payment of this note or any part thereof." The notes were assigned before maturity to J. G. Street, who prosecutes this writ of error from a judgment denying him the right of recovery on the ground of failure of consideration.

The assignment to Robertson by Allen of the right to sell a washing machine of a given patent in a given territory in Texas was the consideration for the notes and deed of trust, though not named therein. Ten dollars and the uses, purposes, and trusts set forth in the deed of trust were recited as the consideration for its execution, and no consideration whatever was recited in the notes. The objection that proof of the real consideration by parol was inadmissible was therefore properly overruled. Evidently the notes and deed of trust were executed in pursuance of a more comprehensive agreement which the parties did not undertake to express in writing, and the familiar rule which excludes proof by parol of a consideration different from a contractual one recited in the written instrument has no application.

We also concur with the district judge in holding that the clause above quoted rendered the notes non-negotiable. The promise was, in effect, one to pay the sums specified in the notes or only the proceeds of the sale of the property mortgaged, if less than the total sum named in the notes. See case cited in notes to Tiedeman on Commercial Paper, section 28, where the promise was to pay the proceeds of a shipment of goods. That failure of consideration was available, see Ablowich v. Bank, 54 S. W. Rep., 794. Besides, the evidence showed beyond question that plaintiff in error acquired two of the notes, at least, with notice of the alleged failure of consideration.

These conclusions would require the first, second, third, sixth, and seventh assignments of error, even if sufficient in form and properly briefed, to be overruled.

We do not, however, feel at liberty to ignore the objections so pointedly made by counsel for the defendants in error to these and other assignments as presented in brief of plaintiff in error. The objections to the first and second assignments may not be well taken, but those made to the third, fifth, sixth, seventh, eighth, and ninth we must sustain, or else be guilty ourselves of violating the rules prescribed by the Supreme Court To show that the rules have not been observed we have only to quote from the brief of plaintiff in error, as a sample, the third assignment, which, though it complains of the overruling of a general

demurrer and several special exceptions and embodies a half dozen distinct propositions, is itself relied on as a proposition, and is followed by no other proposition, but only by a brief statement, of five or six lines, with citation of authorities. It reads thus: "The court erred in overruling the general and special exceptions of plaintiff to defendant's first amended original answer because (1) it attempts to vary a contract in writing by parol, setting up by parol another and different contract from that sued on, without alleging facts sufficient to show fraud or failure of consideration of the notes and mortgages sued on; (2) said answer pleads conclusions merely, alleges no facts which would authorize evidence to determine whether the consideration had failed, or A. W. Allen defraud the defendant; (3) said answer admits title passed to defendant and complains only of want of an 'assignment' in evidence thereof, and therefore plaintiff, being assignee of the notes, is not liable for the debt, default, and miscarriage of A. W. Allen with reference to the clerical work of executing a suitable conveyance; (4) said answer is insufficient because defendant fails and refuses to tender back the consideration already received by him for his notes which he alleges to be 'useful and valuable;' (5) said answer contains no description of said improvements, their value, or that they would be of service to defendant, it is not alleged that such improvements are patentable, and there is nothing to distinguish the original machine from the so-called improvements, their dependence upon each other, utility or relations are not shown; (6) it appears from said answer that defendant and A. W. Allen fully understood each other at and before the time of the trade and the defendant assumed the risk of the happening of a future event, to wit, the issuance of patent on certain improvements, which patent had already been applied for and would under the contract inure to him. Perhaps this uncertainty which defendant fully contemplated, was the very inducement of his closing the trade, if he could thereby purchase from Allen at a reduced price. The court erred in not sustaining said general and each and all of said twelve special exceptions to the first amended original answer of defendant, as fully set out and contained in plaintiff's second supplemental petition, which is here referred to and made a part of this assignment."

The fourth assignment seems subject to the like objection, that two distinct propositions are covered both by it and by the proposition submitted under it, but as an examination of the record shows it to be clearly without merit, we need not consider it further.

This leaves for consideration only the tenth and eleventh assignments, complaining of the court's refusal to give two special instructions requested by plaintiff in error, to the effect that Robertson was estopped by his conduct in selling some of the washing machines and accepting transfers of the prospective patent right from pleading a failure of consideration; but these assignments must be overruled because, if for no other reason, no estoppel was pleaded by plaintiff in error. Rail v. Bank, 22 S. W. Rep., 865, and case there cited.

The evidence tended to show that the failure of Allen to procure the contemplated patent within a reasonable time was under the circumstances of this case a failure of consideration; but no complaint is made of the verdict. The judgment is affirmed.

*Affirmed.*

Writ of error refused.