## W. T. ADAMS v. GARY LUMBER COMPANY.

Decided March 17, 1909.

**1.—Assignment of Error—Exceptions.**

An assignment complaining of error in refusing to sustain special exception to a certain paragraph of defendant's answer, is insufficient where such answer is not divided into numbered paragraphs or so arranged as to enable a court to determine what portion of the answer was objected to.

**2.—Pleading—Answer.**

An answer which does not set up distinct defenses, but is so connected as to form one plea, is not subject to general demurrer because of the failure of some of the matters alleged to constitute a defense.

**3.—Charge.**

Refusal of an instruction embraced, so far as correct, in the charge given, is not ground for reversal.

**4.—Failure of Consideration—Sale—Contract for Notice of Defects.**

Where a contract on sale of machinery provided that the purchaser, if same should prove defective, should give notice thereof within ten days after receiving it, in order that the seller might correct same, a right to do which was by him reserved, a requested charge disallowing a defense to the price, for failure of the machinery to be as warranted, in case such notice was not given, was improper because applicable equally to defects not discovered until after the expiration of the ten days' limitation.

**5.—Assignment of Error—Charge—Brief.**

Where a paragraph of the charge contains more than one proposition of law and presents more than one issue, an assignment of error in giving it is insufficient if it fail to indicate, in itself, or by the proposition thereunder, the part of the paragraph objected to.

**6.—Evidence—Objections.**

On appeal only such objections to the admission of evidence will be considered as were made in the trial court.

**7.—Same.**

Objections to the qualification of a witness for his want of knowledge of the matters testified to was insufficient to raise the question of the relevancy of the matters to the issues involved.

**8.—Evidence—Harmless Error.**

To demand reversal for the admission of irrelevant testimony, appellant must be able to point ont some prejudicial results likely to follow from such error.

Appeal from the District Court of Panola County. Tried below before Hon. W. C. Buford.

*H. W. Nelson,* for appellant.—When the contract of warranty provides that the buyer shall give the seller notice of defects, if any, and buyer fails to give the notice, he waives the warranty and is liable for the purchase money. Aultman & Co. v. McKinney, 26 S. W., 267; Aultman & Co. v. Park, 1 Texas Civ. App., 484; Husic Rice Co. v. Fairbanks Co., 17 Texas Ct. Rep., 1002; Haynes, v. Plano Manufacturing Co., 36 Texas Civ. App., 567; J. J. Case Co. v. Hull, 32 Texas Civ. App., 214.

In a suit on a breach of warranty of machinery, the scope of the inquiry should be confined to the particular machine under investigation. Haynes v. Plano Mfg. Co., 36 Texas Civ. App., 567.

*Brooks & Woolworth,* for appellee.—The contract as to giving notice of defects would not, as a legal proposition, prevent the defendant in the court below from showing by pleading and proof: (1) that the machinery was not put in place until after more than ten days after received and could not have been examined; (2) that after adjustment, the defects of the machinery, both of material and workmanship, gradually developed and did not all develop at once, or within ten days. Burr v. Atlanta Paper Co., 2 Ga. App., 52; Kesler & Co. v. Burckell, 99 S. W., 173; Wisdom v. Nichols & Shepperd, 97 S. W., 18; Elmore v. Booth, 102 S. W., 393; San Antonio M. & S. Co. v. Josey, 91 S. W., 598.

HODGES, ASSOCIATE JUSTICE.—The appellant, W. T. Adams, instituted this suit against the appellee in the District Court of Panola County upon three promissory notes aggregating $800, bearing interest at the rate of eight percent per annum and providing for ten percent attorney's fees if placed in the hands of an attorney for collection. They also contained a provision to the effect that if default was made in the payment of any one of the notes the holder had the option of

declaring all of them due, and the right to proceed legally for their collection. The defendant answered by a general demurrer, general denial, and specially pleaded that the notes were given as a part of the consideration for the purchase of sawmill machinery, which was sold to it by appellant under a contract of warranty; that the contract consisted partly of written and partly of oral agreements; that the mill and machinery, after being properly placed in position, proved to be defective and unfit for the purposes for which it had been purchased; and that the material out of which the different parts were made was of such inferior grade and quality as to render the entire plant practically worthless. The appellant, by a supplemental petition, demurred generally and specially to the answer. Upon a trial before a jury a verdict was rendered in favor of the appellant for the sum of $300, from which he appeals.

There was much testimony adduced upon the trial tending to show that the machinery was defective and not as represented. Appellant offered in evidence a written contract signed by the parties, wherein it was agreed that if anything was found short, broken, defective or not as specified, notice thereof should be given in writing to the appellant within ten days after the machinery was received that appellant might correct the same, or the same should not be allowed, and no claim for any material furnished or work done by the appellee should be allowed, as the appellant reserved the right to furnish such material or work. The contract also contained the following warranty: "The above described machinery is warranted to be made or that it will be made of good material, and when correctly and properly set and adjusted that it will do as good work as machinery of same class and size."

The first assignment of error complains of the refusal of the court to sustain appellant's second special exception to the defendant's answer. A reference to that exception as contained in the record shows that it is directed only against the fourth paragraph of the appellee's answer, and appears to be an attack upon that portion of the pleading because of its legal insufficiency. This character of attack is further indicated by the proposition which follows the assignment. The answer of the appellee is not subdivided into numerical paragraphs, nor is it so arranged in the transcript as to enable us to determine with any degree of certainty just what portion of the answer is objected to. The assignment, therefore, is not sufficiently specific to authorize its consideration. If by that exception appellant intended to attack the legal sufficiency of the entire answer upon the grounds embodied in the proposition which followed, we think it was correctly overruled by the court. The appellee did not undertake to set up separate and distinct defenses in different portions of its answer, but its defense appears to consist of allegations so connected as to form one plea, and that was, a failure of the machinery to measure up to the quality warranted. We think the defense as set forth in the answer is good as against a general demurrer, or any of the exceptions urged against it.

The refusal of the court to give the following special charge is made the basis of assignment No. 2: "Gentlemen of the jury, the

contract introduced in evidence in this case provides that if anything is found short, broken or defective or not as specified, notice thereof shall be given in writing to W. T. Adams within ten days after machinery is received by the defendant. Now, if you believe that said machinery or any part thereof was defective and that the defendants did not within ten days after they received the machinery notify the plaintiff in writing as to such defects, then you are instructed to not find anything for defendants for such defects (if any), but find for the plaintiffs the amount of the notes, principal, interest and attorney's fees, the amount sued for." The issue embodied in this special charge, or so much of it as was proper to be submitted under the facts of this case, was embraced in the general charge of the court, and, as we think, correctly presented. The charge requested was properly refused not only on that account, but because it does not within itself state a correct proposition of law as applicable to the facts of this case. It, in effect, authorized a verdict in favor of the plaintiff even if there were defects in the machinery against which a warranty had been given, without regard to whether those defects had been discovered or were discoverable until after the expiration of the ten-day limitation expressed in that clause of the contract. This would have restricted the right of appellee to recover damages to only such defects as developed and were observed within ten days after it received the machinery. The court properly refused the instruction.

The third assignment complains of the third paragraph of the general charge of the court. This portion of the charge contains more than one proposition of law and presents more than one issue, and the assignment fails to indicate which part of the paragraph is objected to. The proposition following the assignment is merely an abstract statement of the law. We have examined the paragraph of the charge referred to, and in the absence of a specific designation of the error complained of we think the assignment should be overruled.

In the fourth assignment of error the appellant complains of the refusal of the court to sustain his objections to the testimony of the witnesses Ross and Patterson, and in overruling the sixth paragraph of his motion for a new trial. No separate bill of exceptions appears to have been reserved to the admission of this testimony, but the objections were made and exceptions noted in the statement of facts. The particular objection urged to this testimony was stated as follows: "I object to the witness testifying because he says he never saw the Gary mill, and don't know anything about the kind of material in it." A part of the information sought to be elicited from each of these witnesses was that the material out of which portions of the machinery of the Gary mill (the one in controversy) were made was of an inferior grade. It seems that each of them had seen and were familiar with other machinery made by the same company that sold the Gary mill, and were basing their estimates of the quality of the material in the latter upon its similarity to that with which they were acquainted. One, or probably both, of the witnesses was permitted to examine a sample of the material taken from the Gary mill,

and in that connection to state that it was very much like the material in other mills with which he was acquainted made by that company, and which had proved to be of inferior quality. A portion of the testimony of these witnesses was, we think, inadmissible because irrelevant; and had the proper objections been made to the particular questions and answers in which the effort was made to bring out such irrelevant testimony, they should have been sustained. Other portions of their testimony pertained to other issues in the case and were clearly not subject to any such objection. On appeal only such objections to the admission of evidence will be considered as were made at the time in the trial court. Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356, 43 S. W., 876; Compagnie Des Metaux Unital v. Victoria Mfg. Co., 107 S. W., 651. The objections upon which this assignment is based, as presented to us, being addressed to the competency of the witnesses to testify, we can not say that the court erred in overruling them. The mere fact that irrelevant testimony was wrongfully admitted will not, in all cases, require the reversal of a judgment. The appellant must be able to point out some prejudicial results likely to follow from such error. This is not done in the case here under consideration. There is no complaint that the verdict was without evidence to support it. The judgment is affirmed.

*Affirmed.*