RILEY v. FISHER.†

(Court of Civil Appeals of Texas. Amarillo. Dec. 23, 1911. On Motion for Rehearing, March 1, 1912. Rehearing Denied April 6, 1912.)

1. HIGHWAYS (§ 184*)—AUTOMOBILE ACCIDENT—BURDEN OF PROOF.

In an action for a wrongful death caused by a team becoming frightened through the negligent operation of an automobile upon a highway by the defendant's minor son, the burden was on plaintiff to show that the driver of the automobile was negligent as alleged in the petition, and that his negligence was the proximate cause of the injury.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. § 184.*]

2. HIGHWAYS (§ 169*)—RIGHT TO USE—AUTOMOBILES.

Automobiles have the same rights upon a public highway as any other means of conveyance, and liability for injury occurring to other travelers upon the highway from their use does not attach merely because of the character of the machine.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 458; Dec. Dig. § 169.*]

On Motion for Rehearing.

3. NEGLIGENCE (§ 136*) — PEREMPTORY INSTRUCTION.

A peremptory instruction should not be given in a negligence case, unless the evidence is such that there is no room for ordinary minds to differ as to the conclusions to be drawn.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

4. HIGHWAYS (§ 184*) — AUTOMOBILE ACCIDENT — NEGLIGENCE — EVIDENCE — SUFFICIENCY.

In an action for a death caused by a team being frightened by an automobile, alleged to have been negligently operated by the defendant's minor son, evidence *held* to sustain the jury's findings that the driver of the automobile was not negligent, and that he was competent, and that it was not negligent for defendant to permit him to drive the machine.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. § 184.*]

5. NEGLIGENCE (§ 117*)—PLEADING—ANSWER.

An answer which in certain paragraphs set up contributory negligence, but did not in such paragraphs point out the matters constituting contributory negligence, was not insufficient where such matters were specifically set out in other paragraphs.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 195–197; Dec. Dig. § 117.*]

6. APPEAL AND ERROR (§ 725*) — BRIEF — ASSIGNMENT—SUFFICIENCY.

Where an assignment of error in an appellant's brief stated that the court erred in overruling a special exception to the defendant's answer, and the special exception referred to and set out in the statement in support of the assignment was that the special answer to the plea of assumed risk was insufficient to constitute any defense in the action under the law, the assignment was insufficient, in that it failed to point out any specific error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

7. APPEAL AND ERROR (§ 1040*) — HARMLESS ERROR — OVERRULING EXCEPTIONS TO ANSWER.

The overruling of exceptions to allegations in an answer as to assumed risk, if error, was harmless, where the court did not submit the issue of assumed risk.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

8. EVIDENCE (§ 474*) — OPINION EVIDENCE — ABILITY TO HANDLE AUTOMOBILE.

In an action for death caused by a team becoming frightened by an automobile, operated by defendant's minor son, the petition alleged that the boy, by his age, inexperience, and lack of strength, was unable to properly handle the automobile, and which was known by the defendant, who negligently permitted him to drive the machine, and these allegations were put in issue by a general denial. Two witnesses stated that they had ridden in automobiles many times, and could tell from observation whether a party was able to handle an automobile, and that they had observed the handling of the automobile by the boy and had ridden with him. *Held*, that such witnesses were properly permitted to state that the boy was a careful driver and able to handle a machine, and, in their opinion, on the day of the accident was a careful driver of the automobile, and knew how to handle it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

9. EVIDENCE (§ 471*) — OPINION EVIDENCE—CONCLUSIONS.

Where, in an action for a death by the negligent operation of an automobile upon the highway, the witness had testified fully to the circumstances under which he was occupying and using defendant's automobile at the time of the accident, a question asked him on cross-examination as to whether he had "borrowed" the automobile was properly excluded, as calling for a conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

10. NEGLIGENCE (§ 140*) — INSTRUCTION — PROXIMATE CAUSE.

An instruction, in a negligence case, that the proximate cause is one which in natural and continuous sequence produces an event and without which the event would not have occurred, but that it must have been the natural and probable consequence of the negligence, and ought to have been foreseen as likely to occur by a person of ordinary prudence, did not in legal effect charge the jury that they must find that the precise injury, and no other, must have been foreseen and contemplated before the plaintiff could recover, nor did it preclude recovery in the absence of proof that the precise injury was foreseen by any person of ordinary prudence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 378–381; Dec. Dig. § 140.*]

11. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

Where an assignment of error in an appellant's brief stated that the court erred in a certain paragraph of his general charge, and the paragraph objected to submitted more than one proposition of law, and the proposition under the assignment stated that the paragraph objected to was upon the weight of the evidence and did not announce correct principles of law, such assignment and proposition failed to conform with rule 29 (142 S. W. xii), requiring assignments to be separately presented, or with rule 32 (142 S. W. xiii), providing that the propositions, if more than one under one ground of the assignment, shall refer to it and be stated separately.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

12. TRIAL (§ 296*) — INSTRUCTION — BURDEN OF PROOF.

Where, in a negligence case, the court in a general charge states that "the burden is upon the plaintiff to prove by a preponderance of the evidence * * * the facts * * * submitted in this charge or in any special charge," special instructions which are correct, when construed together with this instruction, do not erroneously place the burden of proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

13. NEGLIGENCE (§ 138*) — ACTION—INSTRUCTIONS.

An instruction in a negligence case that the burden was upon the plaintiff to prove by a preponderance of the evidence the facts submitted in such instruction, or in any special instruction given as material to his right to recover, only required the plaintiff to prove by a preponderance of evidence such facts as were submitted to the jury in the general charge, or in any special charge material to his right to recover, and did not require him to prove contributory negligence when no issue thereon was submitted to the jury, nor did it require him to disprove affirmative defenses.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 354–370; Dec. Dig. § 138.*]

14. APPEAL AND ERROR (§ 742*)—BRIEF—ASSIGNMENTS—SUFFICIENCY.

Where the appellant grouped in his brief seven assignments of error, and presented but one proposition thereunder, such assignments and proposition could not be considered on account of failure to comply with rule 29 (142 S. W. xii), requiring assignments to be separately presented, and rule 32 (142 S. W. xiii), providing that the propositions, if more than one under one ground of assignment, shall refer to it, and be stated separately.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by Thomas Riley, next friend of Thomas Carleton Shaw, a minor, against W. D. Fisher. From a judgment for defendant, plaintiff appeals. Affirmed.

Willis & Willis, of Canadian, for appellant. W. A. Palmer and Hoover & Taylor, all of Canadian, for appellee.

PRESLER, J. This suit was filed in the district court of Hemphill county October 15, 1910, by Thomas Riley, as next friend of the minor, Thomas Carleton Shaw to recover damages for the death of said minor's father alleged to have been caused by the negligent operation of an automobile by the minor child of W. D. Fisher, defendant; and the trial, which was before a jury, resulted in verdict and judgment for defendant, and appellant, plaintiff below, duly appeals to this court, and here asks that said judgment be reversed and remanded upon the errors assigned.

The original petition charged, among other things: That Thomas Carleton Shaw is the only surviving beneficiary of his deceased father, Charles C. Shaw. That on or about August 26, 1910, defendant negligently placed in the possession of his minor son, Clancy, an automobile which was dangerous to travelers, and started said Clancy upon performance of an errand for defendant, upon a public road running southeasterly from the town of Canadian, about 60 feet wide, fenced in upon each side, and about half a mile from said town, said Clancy, driving said automobile, met Charles C. Shaw, father of the minor plaintiff, seated upon a wagon, attached to which he was driving a four-horse team consisting of one pair of horses and one pair of mules, well broken and gentle, the said wagon loaded with wheat. That said Clancy negligently approached said team at a rapid rate of speed, frightening said team, and continued to approach said team after their fright became reasonably apparent, causing them to become still more frightened on account of which said team became uncontrollable and turned in the opposite direction to escape from said automobile, and threw plaintiff's father to the ground, seriously and fatally injuring him, from which he died. By the several paragraphs of said petition several distinct phases of negligence were presented as defendant's child drove the automobile at such a rapid rate before slowing down and with so much noise and loud and frightful sounds after slowing down, if he did slow down at all, as to frighten said horses and to cause said death; (2) that the defendant was negligent in permitting said minor to operate said automobile upon defendant's errand by reason of the tender years of said minor, because defendant knew that his son was too young to operate the

same with safety, and was inexperienced in the management and control of automobiles, and did not have the strength and skill to operate the same safely and was reckless and careless in the management thereof, which was a proximate cause of the injury; (3) that defendant's son was at such time operating said automobile upon the public road at a greater speed than was reasonable and proper, in violation of his duty under the law. Defendant filed his original answer December 13, 1910, consisting of certain exceptions, general denial, and plea of not guilty and a special answer, setting up contributory negligence and assumed risk in general terms, followed by a special plea that decedent failed to put up his hand or give other visible sign to bring the automobile to a stop under the act of 1907. Plaintiff on December 26, 1910, filed a first supplemental petition, in which he demurred generally to the answer, and urged the following special exceptions: (1) That the plea of contributory negligence was insufficient in law. (2) That said plea failed to point out the particulars in which decedent might have been guilty of contributory negligence. (3) That the plea of assumed risk was insufficient in law. (4) That said plea of assumed risk failed to point out the matters and particulars in which decedent might have assumed the risk. And also plaintiff specially alleged in said supplemental petition that decedent was not guilty of any negligence or assumed risk because said decedent used all possible diligence to avoid injury, but the automobile bore down upon him with such swiftness and so instantaneously that by the highest prudence he had no time except to try to control said team with the lines, and when the automobile drew near, without previous warning, it emitted loud explosive sounds, so unexpectedly as to frighten said team more seriously and so suddenly that decedent could do nothing to lessen the danger; that Clancy Fisher became aware the horses were frightened in time to have stopped said sounds, but nevertheless continued to approach and make said sounds, when there was no excuse, occasion, or necessity therefor. Plaintiff also filed a second supplemental petition, in which he alleged that the public road where the accident occurred was by reason of a wire fence on one side and an embankment on the other about 10 steps wide, and that it was negligent for Clancy Fisher to approach so near to said team, because there was insufficient room to pass, and that, if any other parties as passengers directed such approach, then such parties were the agents of defendant, and for their negligence defendant would be liable.

[1] In order to entitle appellant to recover in this cause, it was incumbent upon him to establish by a preponderance of the evidence to the satisfaction of the jury (1) that Clancy Fisher, the driver of the machine, was negligent, as alleged in appellant's pleadings, in the manner and mode of handling the automobile at the time of the injury, and that such negligence was the proximate cause of the injury; and (2) that under the allegations of appellant's pleadings and the law applicable thereto appellee (W. D. Fisher) was liable for such negligence and the injury resulting therefrom.

[2] From an extended examination of the decisions of this and other states, we conclude that it is now well settled by all the courts that automobiles are lawful modern modes of travel and convenience, and that they have the same right upon the public highway as any other means of conveyance, and that liability for injury occurring by their use to other travelers of the highway does not attach because of the character of the machine per se as being a dangerous device of locomotion, having a tendency to frighten animals using the highway, but that, in order to establish such liability, negligence in the use and operation of the machine must be shown. The conceded right of owners of automobiles to use the public highways in common with owners of other means of travel is impliedly shown by the act of the Legislature of this state approved April 15, 1907 (page 194), the act, in substance, among other things providing that automobiles should not be driven along highways in Texas at a greater rate of speed than 18 miles per hour, that the driver of such machine should at the request or signal, by putting up the hand or by other visible signs from a person riding or driving a horse, or horses, cause such machine to come to a standstill as quickly as possible, and to remain stationary long enough to allow such animal to pass, and further providing that any person violating any of the provisions of said act upon conviction thereof shall be fined not less than $5 nor more than $100. Many of the other states have enacted similar laws regulating the use of the public highways by automobiles for the purpose of insuring, as far as possible, the safe and proper use of public highways by such machines. Berry on Automobiles, pp. 19–22, inclusive, and cases cited. In the case of Patton-Worsham Drug Company v. Dreenon, 123 S. W. 707, the Court of Civil Appeals for the Fourth District, in our opinion, announced the proper rule with reference to the mutual use of the public highways by owners of automobiles and the users of horses in the following language: "In all human activities the law keeps up with the improvement and progress brought about by discovery and invention, and in respect to highways, if the introduction of a new convenience for transportation purposes, conducted with due care, is met with inconvenience and incidental injury to those using ordinary modes, there can be no recovery, provided the contrivance is compatible with the general use and safety of the road. * * * It is improper to say that the driv-

er of the horse has rights in the road superior to the driver of the automobile. * * * Both have equal right to use the easement, and each is equally restricted in the exercise of his rights by the corresponding rights of the other. Each is required to regulate his own use by the observance of ordinary care and caution to avoid receiving injury, as well as inflicting injury upon another. * * * And, when accidents happen, as incident to reasonable use and reasonable care, the law awards no redress."

Upon a thorough and careful investigation of the entire evidence, as disclosed by the record in this case, we are of the opinion that the same shows no such negligent and careless handling and use of the machine upon the occasion of the injury as would warrant the jury in returning a verdict holding the appellee liable for damages in any sum, had the appellee, W. D. Fisher, himself been the driver of the machine on said occasion. It appears to us that the machine was handled and operated with all the care and caution to prevent either inflicting or receiving injury required by the law under the conditions obtaining at the time. It appears from the undisputed testimony that the machine before the occurrence of the accident did not approach nearer than 31 steps to deceased's team, and by a great portion of the evidence did not in fact approach closer than 50 steps, and that upon it becoming apparent to the driver of the machine, Clancy Fisher, that the deceased could not control his team, he, Clancy, immediately stopped the machine; that upon it first becoming apparent to the driver of the machine that the deceased's team was scared or becoming so, he at once slowed down and proceeded in the further approach made by him in a very cautious manner; that the deceased never at any time gave the driver of the approaching automobile, either in the manner prescribed by the statute, to wit, raising his hand, or in any other way, notice that he was unable to control or thought himself unable to control, his team, and that the auto should stop, until he could pass with his team. Nor do we believe from the evidence that the driver of the machine had cause to think, or did think, that the deceased could not control his team until after the occurrence of the accident, the evidence showing that deceased appearing to lose control of his team and the overturning of the wagon were almost simultaneous.

We therefore conclude that upon the state of the proof as submitted to the jury appellant's allegations of negligence were not sustained, and that there was no error in the verdict and judgment rendered in favor of appellee. Under this view of the case, we find no reversible error assigned by appellant under the assignments of error set forth in his brief or either of them, and conclude that the judgment appealed from should be in all things affirmed; and it is accordingly so ordered.

### On Motion for Rehearing.

In our former opinion in this case we stated that, in order to entitle appellant to recover, it was incumbent on him, first, to establish by a preponderance of the evidence to the satisfaction of the jury that Clancy Fisher, the driver of the machine, was negligent as alleged in appellant's pleadings in the manner and mode of handling the machine at the time of the injury, and that such negligence was the proximate cause of the injury; second, that under the allegations of appellant's pleadings and the law that appellee, W. D. Fisher, was liable for such negligence and resulting injury, and held upon the first inquiry indicated that the evidence failed to show such negligence and careless handling of the automobile as would render appellee liable for damages in any sum had appellee himself been the driver of the machine upon said occasion, and that under this view of the evidence the errors alleged by appellant, all of which relate to other phases of the case, presented no reversible error.

[3] However, upon examination of the authorities cited by appellant in his motion for rehearing, and upon further considering the evidence bearing upon the question of negligence of the driver Clancy Fisher, at the time of the injury, we are of the opinion that we were in error in holding, in effect, that, upon said question of negligence, the evidence failed to raise an issue necessary to be determined by the jury, and that a peremptory instruction should have been given by the trial court to find for defendant. We recognize the rule as announced by our Supreme Court in the case of Lee v. Railroad Company, 89 Tex. 583, 36 S. W. 63, and reaffirmed on motion for rehearing in the case of Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 36 S. W. 247, 37 S. W. 319, to the effect that "negligence, whether by plaintiff or defendant, is generally a question of fact and becomes a question of law to be decided by the court only when the act done is in violation of some law or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question. In other words, to authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusions to be drawn." We therefore conclude that the part of our former opinion referred to holding, in effect, that a peremptory instruction should have been given to find for defendant, should be here set aside and held for naught, and the case further considered upon the errors assigned.

[4] As appellant has requested us to file findings of fact, we will state that the evi-

dence is amply sufficient to sustain the following findings which we think are necessarily to be considered as having been found by the jury in returning a general verdict for the defendant. We find that the driver of the machine, Clancy Fisher, was not guilty of negligence in handling and operating the automobile upon the occasion of the injury, as charged in plaintiff's petition. We further find that the said Clancy was a competent and careful driver of the machine at the time of the accident and able to safely handle and operate the same, and that there was no negligence on the part of appellee in allowing him to drive the machine under the circumstances on the trip in question and at the time of the injury. Nowlin v. Hall, 97 Tex. 443, 79 S. W. 806; H. & T. C. Ry. Co. v. Hanks, 124 S. W. 137; T. & P. Ry. v. Matkins, 142 S. W. 609.

[5] Appellant, under his first and second assignments of error, complains of the action of the court in overruling his first and second exceptions to that part of the answer setting up contributory negligence on the part of appellant, on the ground that same fails to point out the matters and particulars constituting contributory negligence. It appearing from the record the ground upon which the plea is based is specially set out in the sixth and subsequent paragraphs of appellee's answer, we conclude there is no merit in the objection raised under said assignments, and the same are accordingly overruled.

[6, 7] Appellant's third and fourth assignments, which are grouped and presented together in his brief, are as follows: "(3) The court erred in overruling plaintiff's third special exception to defendant's original answer. (4) The court erred in overruling plaintiff's fourth special exception to defendant's original answer." These special exceptions referred to are set out in the statement in support of these assignments as follows: "(3) Said special answer as to the plea of assumed risk is insufficient to constitute any defense in this action under the law. (4) Said answer as to the plea of assumed risk is insufficient in law because said plea does not point out the matters and particulars in which plaintiff's decedent was guilty of assumed risk." The first of these assignments, "No. 3," fails to point out any specific error, and under the rules should not be here considered. Strauss v. Gross, 2 Tex. Civ. App. 432, 21 S. W. 305. The second, "No. 4," raises only the same question of insufficiency in failing to point out the matters and particulars as to assumed risk that is raised under appellant's first and second assignments as to contributory negligence, and is sufficiently answered by the fact that it appears from the record that appellee specifically pleaded in the sixth paragraph of his answer specific grounds or facts upon which he based his general allegation of assumed risk. We therefore hold that the question as to whether or not the doctrine of assumed risk is applicable to this character of suit is not presented by these assignments. It further appearing that the court in its charge did not submit the issue of assumed risk, we are unable to see how any injury was done appellant by the action of the court complained of. Said assignments are therefore disallowed.

[8] Nor do we think that error is shown under appellant's fifth assignment, in the action of the court in permitting appellee's witness F. R. Jamison to testify that Clancy Fisher was a careful driver of an automobile and able to handle an automobile on August 26, 1910. The appellant in his original petition, in effect, charged that Clancy Fisher (the driver of the machine) was a minor of tender years, not having the discretion and prudence ordinarily possessed by adults; that, on account of his nonage and little experience in operating automobiles, was careless and negligent in managing and controlling the automobile which appellee furnished him to use and ride in upon the occasion in question, and that appellant knew that Clancy was too young to operate the machine with safety; that he was inexperienced in the management and control of automobiles, and by reason of his nonage did not have the strength and skill to manage and control automobiles, and was reckless and careless in the management and control of the same. These allegations were put in issue by the third paragraph of appellee's original answer. The witness Jamison testified that he had occasion to ride in automobiles, and to notice the way they are handled, and the people who handle them; had been riding and noticing them for about five years; had ridden in possibly fifty; had made a trip to Colorado in an automobile, and was able to judge the competency and ability of a man to handle a machine; had ridden in a machine driven by Clancy Fisher. He was then asked the question whether or not Clancy Fisher was a careful driver of and was able to handle a machine, to which question appellant objected because the same was not a proper subject of expert testimony, because the witness had not properly qualified to speak upon the subject-matter if the same were otherwise admissible, because the same was the opinion and conclusion of the witness, because the witness had never testified to seeing Clancy Fisher drive an automobile, because it was an effort to take the question of negligence away from the jury, and because the witness had never testified that he had ever himself driven an automobile or was able to handle a machine, which objections were overruled, and the witness answered: "I will state from my experience and observation in seeing Clancy Fisher handle an automobile that he was a careful driver on the 26th of August, 1910, and able

to handle a machine." And on cross-examination stated: "I am not very good at operating a machine. I am not an expert chauffeur. I have run one a little." In 1 Elliott on Evidence, p. 798, it is stated that: "Common observers, having a special opportunity for observation, may testify to their opinions and conclusions of fact, although they are not experts, if the subject-matter to which the testimony relates cannot be reduced or described to the jury as it appears to the witness at the time and the facts upon which the witness is called to express his opinion are such as men in general are capable of comprehending and understanding." And on page 799: "But without reference to any recognized rule or principle of conceding the admissibility of the opinions of nonprofessional men upon a great variety of any scientific questions arising every day in their judicial inquiry. These are questions of identity, * * * form, points, age, strength, sickness, or health." In the case of St. Louis & Southwestern Ry. Co. of Texas v. Brown, 30 Tex. Civ. App. 57, 69 S. W. 1010, a witness was permitted to testify that he saw the plaintiff try to work, and that he was unable to do his accustomed task. The court said the "declaration amounted to no more than a statement of his infirmities at that time. It is in the nature of res gestæ, and we think the court committed no error in admitting it." The witness also stated that the appellee was unable to work, and the court held that he might properly so state. In this case the appellant charged that the boy Clancy by reason of his age, inexperience, and lack of strength was unable to handle an automobile; that this fact was known to appellee, who was negligent in permitting him to drive the machine at the time of the accident. The truth of this statement is put in issue by the general denial. The witness testified that he had ridden in an automobile probably 50 times, and therefore knew whether or not a party was able to handle an automobile when he saw him attempt to do so. He testified that he had observed Clancy Fisher handling an automobile, and had ridden with him, and that he was a careful driver and able to handle a machine.

Nor do we think that there was error shown in the action of the court in permitting the witness A. V. McQuiddy to testify that Clancy Fisher was a careful driver of an automobile, as complained of under appellant's sixth assignment. This witness testified substantially as follows: "I am acquainted with W. D. Fisher and Clancy Fisher. W. D. Fisher owned an automobile. We sold him one in the latter part of February, 1910. I am acquainted with the mechanism of an automobile and can operate one. I know how an automobile should be operated. I have driven several machines. I have ridden a little with Clancy Fisher in his father's machine here in town, and have been on

trips with my car where he drove appellee's machine. Both cars made the trip to the Stockman's Convention at Amarillo and Mr. Fisher's car was partly driven through at that time by Clancy. The road we traveled from here to Amarillo is about 121 miles." The witness was then asked: "State whether or not from your experience and observation in handling cars and from seeing Clancy Fisher operate this car, and from riding in his car, he is a careful driver and able to handle a machine." To which question appellant made the same objection as made to the question propounded to the witness Jamison, which was overruled by the court, and the witness then answered: "I think I am able from my experience and observation in operating cars and from seeing Clancy Fisher operate this car to state that he is a careful driver of and able to handle a machine. I know the conditions sufficient to pass upon that question. I have been with Clancy Fisher some and watched him drive a machine, and also have been on the streets and watched him drive it. My opinion is that on the 27th day of August, 1910, Clancy Fisher was a careful driver of an automobile, and knew how to handle it." It does not appear from plaintiff's bill of exception that any specific objection was made at the time to the witness testifying as to the care and ability of Clancy Fisher in handling an automobile on August 27, 1910, a date after the accident (August 26, 1910). Nor does the question of this being after the date of the injury appear to be raised by plaintiff's assignment, and, if it were, we are of the opinion that it would be without merit because it appears that the facts upon which the witness based his conclusions occurred prior to the date of the injury, and we think it a fair inference that the date given (the 27th) is a clerical error of the witness, and, if this were not the fact, that the care and capacity of Clancy Fisher in handling the machine, if shown by the evidence of this witness to have existed on the 27th, can but be presumed to have also existed on the day prior, to wit, the 26th. For the reasons and upon the authorities given, in overruling appellant's fifth assignment, the assignment under discussion is here disallowed.

[9] Appellant, under his seventh assignment of error, complains of the action of the court in refusing to permit appellee's witness W. W. Owens to testify upon cross-examination by appellant that he had not borrowed defendant's automobile, as set out in his bill of exception No. 3. The question propounded was: "State whether or not you had borrowed Mr. Fisher's automobile to make the trip you were making." We are of the opinion that the question objected to sought to elicit the expression of a mere conclusion or opinion of the witness who had testified fully to the facts as to how he came to be occupying and using the machine on the occasion in question, as had also the witness-

es W. D. and Clancy Fisher, and we are unable to see how his opinion as to whether he had the machine borrowed or not was material to any issue in this case. We think it the better practice to let the jury determine from the evidence above referred to the question as to how the witness Owens was occupying and using the machine on the occasion in question. Nor do we think the fact that the court by giving defendant's special charge No. 2 submitting the inquiry as to whether or not the automobile at the time of the accident was loaned to the Fair Association or to W. W. Owens for the benefit of the Fair Association made it necessary or proper for the witness Owens to state his opinion to the effect that he had not borrowed the automobile. Said assignment is therefore disallowed.

[10] Nor do we think there is any merit shown by appellant's eighth assignment of error, complaining of paragraph 3 of the court's charge, which is as follows: "The proximate cause of an injury as the term is used in this charge, in its legal signification, is a cause which in its natural and continuous sequence unbroken by any new cause, produces an event, and without which the event would not have occurred, but, in order to warrant a finding that the negligence is the proximate cause of an injury, it must appear from the evidence that the injury was the natural and probable consequence of the negligence, and ought to have been foreseen as likely to occur by a person of ordinary prudence in the light of the attending circumstances. Whenever the terms 'negligence,' 'ordinary care,' 'contributory negligence,' and 'proximate cause' are used in this charge, you will understand and apply each in the sense in which it has been above defined and will refer to the definition for its meaning." The court in framing the .charge objected to in defining proximate cause seems to have followed, in substance, the rule as laid down by our Supreme Court and adopted from the opinion of the Supreme Court of the United States in the case of Railway Company v. Kellogg, 94 U. S. 469, 24 L. Ed. 256, stating that, "in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." Nor do we think that the charge complained of had the legal effect to charge the jury that they must find that the precise injury and no other must have been foreseen or contemplated before the plaintiff could recover, nor that under this charge the plaintiff was precluded from recovering because it was not proved that the precise injury which occurred was foreseen by any person of ordinary prudence. G. C. S. & F. Ry. Co. v. Rowland, 90 Tex. 365, 38 S. W. 756; T. & P. Ry. Co. v. Bingham, 90 Tex. 223, 38 S. W. 162; Railway Company v. Kellogg, 94 U. S. 469, 24 L. Ed. 256.

[11] Appellant's ninth assignment is as follows: "The court erred in paragraph No. 4 of his general charge to the jury." Said paragraph of the court's charge so objected to is as follows: "You are instructed that automobiles are lawful vehicles, and as such are entitled to the privilege of using the public highways, and the frightening of teams driven along the public highway caused by the approach of automobiles does not of itself raise any inference of negligence on the part of the driver of such automobile, and the law contemplates that all sorts of conveyances may use the highways with equal rights, but imposes upon the drivers of every character of conveyance the exercise of ordinary care for themselves and every other person entitled to the use of such highways." Under this assignment, appellant submits one proposition, which is as follows: "A charge that automobiles are lawful vehicles and entitled to the use of the highways and that the frightening of teams driven along the public highway does not of itself raise any inference of negligence on the part of the driver of such automobile, and that the law contemplates that all sorts of conveyances may use the highways with equal rights is upon the weight of the evidence and does not announce the correct principles of law, though said charge further states that drivers of every conveyance must use due care for themselves and others." We are of the opinion that this assignment and the proposition thereunder is not framed in compliance with the rules prescribed for the preparation of briefs and for the government of this court in considering the same. If any effect at all be given to the assignment, which challenges the entire paragraph of the charge (which itself submits more than one proposition of law), it has the effect to raise more than one distinct proposition. The proposition under said assignment submits two separate and distinct propositions in one, to wit, first, that the charge is upon the weight of the evidence; and, second, that it does not announce correct principles of law. Rule 29 (142 S. W. xii) prescribes that the appellant or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on in accordance with and confined to the distinct specifications of error (which assignments shall be copied in the brief) and to such fundamental errors of law as are found upon the record, each ground of error being separately presented under the proper assignments, "and each assignment not so copied and accompanied with its appropriate proposition and statement shall be regarded as abandoned." Rule 32 (142 S. W. xiii) prescribes that: "The proposition, if more

than one, under one ground of the assignment, shall refer to it and be stated separately." We therefore conclude that the said assignment is not sufficiently specific to authorize its consideration. Kidwell v. Carson, 3 Tex. Civ. App. 327, 22 S. W. 534; Street v. Robertson, 28 Tex. Civ. App. 222, 66 S. W. 1120; Adams v. Gary Lumber Company, 54 Tex. Civ. App. 477, 117 S. W. 1017.

[12] The court in paragraphs 5, 6, and 9 of its charge instructed the jury as follows:

"(5) Bearing in mind the foregoing definitions and instructions, you are charged that if you find and believe from the evidence in this case by a preponderance thereof that on or about the 26th day of August, 1910, plaintiff's deceased father while coming to the town of Canadian driving the team described in plaintiff's petition, and while upon a public highway near the town of Canadian his said team was approached by an automobile driven by defendant's son, Clancy Fisher, and you further find that said automobile had been placed in the possession of his son, Clancy Fisher, by the defendant W. D. Fisher, and that the said Clancy Fisher was acting under the direction of, and upon an errand for his said father, W. D. Fisher, and you further find that at said time the said Clancy Fisher was inexperienced in the operation and management of said automobile, and you find from the evidence in this case that said Clancy Fisher saw and observed the approach of the team driven by deceased, Chas. C. Shaw, and the frightened condition of said team, if the same were frightened, and that said Clancy Fisher continued to approach said team from the front and towards the head of said team, causing them to become more frightened and to turn rapidly in an opposite direction, thereby causing plaintiff's father, the deceased, to be thrown to the ground and injured, as alleged in plaintiff's petition, and that such injuries were the proximate cause of the death of plaintiff's father; and you further find that such acts upon the part of said Clancy Fisher in approaching said team, or in his failure to stop said machine, if there was such failure, or the placing of said machine in his possession by the defendant, W. D. Fisher, were all or any of them acts of negligence as the same has hereinbefore been defined to you, and that such negligence, if any, was the proximate cause of the injury complained of, and that deceased was acting with ordinary care for his own safety, then, in the event you so find, you will find for plaintiff damages, the measure of which will be hereinafter charged you.

"(6) The defendant in this case has pleaded as a defense to the cause of action herein that the deceased was himself guilty of contributory negligence, and upon this issue you are charged that it was the duty of the deceased to exercise ordinary care for his own safety and protection. Therefore, if you find and believe from the evidence that the deceased failed to exercise ordinary care to observe the situation about him for his own safty and protection, then he would be guilty of contributory negligence, and, in the event you so find, you will find for the defendant."

"(9) The burden is upon the plaintiff to prove by a preponderance of the evidence the facts which are submitted to you in this charge, and in any special charge, which may be given you as material to his right to recover, and, if he has failed to discharge this burden, your verdict should be for the defendant."

Appellant under his tenth assignment complains that paragraph 5 in connection with paragraph 9 of the above-quoted charge had the effect to cast the burden of proof upon him to establish by a preponderance of the evidence that the deceased was not guilty of contributory negligence before he could recover, and also under his eleventh assignment of error complains that paragraph No. 6 of the court's charge taken in connection with paragraphs Nos. 5 and 9 erroneously placed the burden of proof upon plaintiff to establish the absence of contributory negligence. Appellant in his statement given in support of both of these assignments, in attempting to set out paragraph No. 9, in effect omits an essential part of the same, stating that "the court told the jury that the burden was upon plaintiff to prove by a preponderance of the evidence all of the facts submitted in the charge."

[13] The court in said paragraph instructed the jury as follows: "The burden is upon the plaintiff to prove by a preponderance of the evidence the facts which are submitted to you in this charge and in any special charge which may be given as material to his right to recover, and, if he has failed to discharge this burden, your verdict should be for the defendant." Upon reading the three paragraphs of the charge in connection, we are of the opinion that appellant's said assignments are without merit, and the same are disallowed.

Nor do we think that the contention made by appellant under his twelfth assignment, to the effect that paragraph No. 9 of the court's charge had the effect to place the burden of proof upon appellant as to contributory negligence and also to disprove appellee's defenses, is maintainable. We are of the opinion that under said paragraph of the charge appellant was only required to prove by a preponderance of the evidence such facts as were submitted to the jury, either in the general charge or in any of the special charges which were material to his right to recover, and that there was no error in so instructing the jury. Said assignment is therefore overruled.

[14] The court, at the request of the de-

fendant, gave special charge No. 2, as follows: "You are charged that if you find and believe from the evidence in this case that at the time of the alleged accident that the defendant had loaned his automobile to the Fair Association or to W. W. Owens for the benefit of the Fair Association, and that said automobile was actually in the business of the association, and not upon the · business of the defendant at said time, then the plaintiff would not be entitled to recover, and your verdict should be for the defendant."

Appellant's thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth assignments attack this charge upon various grounds, and are grouped in the brief. No. 13 alleging that in no instance does said charge constitute the law applicable to this character of case; No. 14, that said charge is upon the weight of the evidence and tells the jury in effect to find for defendant, the court having summed up facts sufficient to take plaintiff's case from the jury; No. 15, alleging that said charge was improper because that by supplemental petition plaintiff plead and afterwards proved or at least raised the issue, that W. W. Owens was acting as the agent of the defendant and that his negligence, if any there was, was negligence of the defendant by reason of such agency; No. 16, that there was no evidence authorizing said charge in that W. W. Owens and defendant alike agreed that such automobile was started upon said journey under defendant's instructions and selection alone, no application for any use of said automobile having been shown to have been made to defendant or to any other person for said Fair Association or by W. W. Owens; No. 17, that there is no wrong without a remedy, and the only negligence shown in this case was the negligence of defendant's servant and minor son, trained in driving this fated machine by defendant and selected for this trip by defendant and by him alone, and, the liability of defendant being destroyed by said charge, plaintiff is without remedy thereby; No. 18, that said special charge was in effect a peremptory instruction, summing up and singling out facts not proved and applying a false doctrine of law to such facts; No. 19, because said charge was not the law applicable to the testimony if it could be said it was not a charge upon the weight of the evidence. Under said seven assignments thus grouped, appellant presents one proposition which is as follows: "Said special charge, telling the jury to find for defendant if the automobile was loaned to the Fair Association, and in the business of said association, does not correctly charge the law, in that the true test is as to whether or not the minor child of defendant was acting under defendant's direction or command at the time of the accident as the agent or servant of de-

fendant and within the scope of his employment as such, and the automobile may have been upon the business of some other person, yet, the minor child acting under defendant's command and direction, as defendant's servant to carry out such business, would render defendant liable. Said charge was further upon the weight of the evidence in telling the jury the said automobile may have been loaned to Owens without reference to the relationship its driver sustained to defendant; further, there was no issue in the testimony calling for such charge, and the same was therefore in effect a peremptory instruction in defendant's favor, and, further, defendant was shown to be directing and controlling the use of the automobile for the fair."

For the reasons and upon the authorities given, in declining to consider appellant's ninth assignment, we conclude that appellant's assignments thus grouped and presented and the propositions thereunder are not properly prepared in compliance with the rules governing this court to entitle them to be considered. Finding no reversible error assigned by appellant either in his original brief or his motion for rehearing, we conclude that his motion to reverse, and remand this case should be denied and the judgment of the trial court should be in all things affirmed; and it is so ordered.